IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:05CV246-1-MU
3:02CR242-MU

| | | |
|---|---|---|
| JOHN LLOYD WILLIAMSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **O R D E R** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**THIS MATTER** comes before the Court upon Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, filed May 27, 2005.

For the reasons set forth below, the Court dismisses Petitioner's Motion to Vacate, Set Aside, or Correct Sentence.

## PROCEDURAL HISTORY

On November 4, 2002, Petitioner was named, along with thirteen other defendants, in a nine-count bill of indictment that charged him with one count of conspiracy to possess with intent to distribute cocaine, methamphetamine, and marijuana in violation of 21 U.S.C. §§ 846 and 841.[1] On December 11, 2003, the parties filed a plea agreement with the Court. On January 16, 2004, pursuant to his written plea agreement, Petitioner entered a guilty plea at his Rule 11 Hearing. On May 19, 2004, this Court sentenced Petitioner to 120 months imprisonment. Petitioner did not appeal his sentence or conviction.

---

[1] On March 24, 2003, a Superceding Indictment was filed which added additional defendants to Count One and additional counts against other individuals.

On May 27, 2005, Petitioner filed the instant Motion to Vacate alleging that he had received ineffective assistance of counsel.

## LEGAL ANALYSIS

### I. INEFFECTIVE ASSISTANCE OF COUNSEL

Petitioner's contention that he received ineffective assistance of counsel is governed by the holding in Strickland v. Washington, 466 U.S. 668, 687-91 (1984). In Strickland, the Supreme Court held that in order to succeed on an ineffective assistance of counsel claim, a petitioner must establish that counsel's performance was constitutionally defective to the extent it fell below an objective standard of reasonableness, and that he was prejudiced thereby, that is, there is a reasonable probability that but for the error, the outcome would have been different.  In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance.  Id. at 689; Fields v. Attorney General of Md., 956 F.2d 1290, 1297-99 (4th Cir.), cert. denied, 474 U.S. 865 (1995).  Petitioner bears the burden of proving Strickland prejudice.  Fields, 956 F.2d at 1297.  If the petitioner fails to meet this burden, a "reviewing court need not consider the performance prong."  Id. at 1290.

Moreover, a defendant who alleges ineffective assistance of counsel following the entry of a guilty plea has an even higher burden to meet.  Hill v. Lockhart, 474 U.S. 52, 53-59 (1985). When a Petitioner challenges a conviction entered after a guilty plea, in order to establish the requisite prejudice, such a petitioner must show that "there is a reasonable probability that but for counsel's errors he would not have pleaded guilty and would have insisted on going to trial." Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir. ), cert. denied, 488 U.S. 843 (1988).

## A. **Involuntary Guilty Plea**

Petitioner alleges that his guilty plea was involuntary because he received ineffective assistance of counsel because his counsel misled him by informing him that if he signed the plea agreement he would receive a sentence of three years imprisonment.

At a minimum, Petitioner cannot satisfy the prejudice prong of his claim. As demonstrated below, even if his counsel erroneously informed Petitioner as to the sentence he would receive, Petitioner cannot, in light of the terms of his plea agreement and his answers under oath at his plea and sentencing hearings, establish that he was prejudiced.

Petitioner's argument that he was misled into pleading guilty is belied by the record in this case. At his plea hearing[2] Petitioner swore under oath that he wanted to plead guilty. (Entry and Acceptance of Guilty Plea Form and Log of Proceedings Electronically Recorded).[3] He further swore that he understood that he was entering a guilty plea that could not later be withdrawn. Id. Petitioner also swore that he understood that he was pleading guilty to conspiracy to possess with intent to distribute at least 2 kilograms but less than 3.5 kilograms of cocaine and more than 1,000 but less than 3,000 kilograms of marijuana. Id. Petitioner also swore under oath that he understood that as a result of his plea he faced a minimum of ten years

_____

[2] In reaching a decision on this case the Court, in accordance with the law, has placed great weight on the Petitioner's representations at his Rule 11 Hearing. See Blackledge v. Allison, 431 U.S. 63, 73-74 (1977)(representations made by a defendant at a plea hearing, as well as any findings made by the judge, constitute a formidable barrier in any subsequent collateral proceeding).

[3] To determine what took place at Petitioner's Rule 11 hearing the Court relied upon the Entry and Acceptance of Guilty Plea Form and the Log of Proceedings Electronically Recorded. That is, to ensure the accuracy of the form and to supplement the form, the Court listened to the entire plea hearing.

and a maximum of life imprisonment.  Id.  Petitioner also swore under oath that his counsel had explained how the United States Sentencing Guidelines might apply to his case and that he understood that the Court would not be able to determine his sentencing range until after his pre-sentence report was written.  Id.  He also swore that he understood that if the sentence he received was harsher than he expected he would still be bound by his plea agreement.  Id.  Petitioner swore that he was in fact guilty of the charge to which he pled guilty.  Id.  Petitioner swore that no one had threatened, intimidated, or forced him into entering his plea agreement or his guilty plea.  Id.  Petitioner also swore that no one had made him any promises outside of the terms set forth in his plea agreement.  Id.  Finally, Petitioner indicated that he was satisfied with his attorney's services.  Id.  The magistrate judge then asked Petitioner if he had heard and understood all of the plea hearing proceedings and whether he still wished to plead guilty.  Petitioner responded in the affirmative.  Id..  At the conclusion of his plea hearing, the magistrate judge asked Petitioner whether he had any questions or statements that he would like to make – Petitioner responded "no."  Id..

Further buttressing the conclusion that Petitioner knowingly entered his plea are the explicit written terms of  Petitioner's plea agreement.   That is, Petitioner's plea agreement sets forth that he was subject to a statutory minimum sentence of ten years and a statutory maximum sentence of life imprisonment.  (Plea Agr. ¶ 4).  In addition, Plaintiff's plea agreement sets forth that "defendant is further aware that the Court has not yet determined the sentence, that any estimate from any source, including defense counsel, of the likely sentence is a prediction rather than a promise, and that the Court has the final discretion to impose any sentence up to the statutory maximum for each count."  (Plea Agr. ¶ 6)(emphasis added).   At his Plea Hearing,

Petitioner swore under oath that he had signed his plea agreement. (Entry and Acceptance of Guilty Plea Form).

At his sentencing hearing, the Court concluded that Petitioner had entered his plea knowingly and voluntarily, with an understanding of the charges, potential penalties, and consequences of his plea. (Sent. Hearing Trans. p. 4). Petitioner also indicated that he had reviewed the presentence report with his counsel. (Sent. Hearing Trans. pp. 4-5).

Based upon the representations of Petitioner at his Rule 11 Hearing and his Sentencing Hearing, and the record in this case, the Court concludes that, regardless of what his counsel may have told him about what kind of sentence he would receive, Petitioner understood the terms of his plea such that his plea was entered knowingly and voluntarily. Consequently, he cannot establish the requisite prejudice and his ineffective assistance of counsel claim based upon his involuntary guilty plea assertion is denied.

## B. **Conflict of Interest**

Petitioner alleges that his counsel operated under a conflict of interest which resulted in Petitioner receiving ineffective assistance of counsel. In support of his argument Petitioner states that his attorney represented both Petitioner and one of Petitioner's co-defendants and that his co-defendant received a lesser sentence even though he pled guilty to the same Count.

Petitioner's argument is unsupported and conclusory. Petitioner points to no specific facts to support a conclusion that a conflict of interest existed. The mere fact that his counsel represented a co-defendant and that co-defendant received a lesser sentence does not establish that his counsel operated under a conflict of interest or that he was ineffective in any way.

### C.  <u>Information</u>

Finally, Petitioner alleges that his counsel advised him to speak with federal agents and that he erroneously informed Petitioner that the information Petitioner told to the agents could not be used against him.  Petitioner contends that the information he disclosed was used to increase his sentence.

Again, Petitioner's claim lacks specifics.  That is, he points to no specific information that he disclosed that was used to enhance his sentence.  Moreover, the Court notes that Petitioner received the mandatory statutory minimum for the charge to which he pled guilty.  It is thus difficult for the Court to understand how Petitioner could, at a minimum, be prejudiced by the alleged course of events.

**THEREFORE, IT IS HEREBY ORDERED** that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence is **DISMISSED**.

**Signed: June 9, 2005**

Graham C. Mullen
Chief United States District Judge